UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IGNACIO MORA, | § § § | |
| *Plaintiff,* | § | |
| v. | § | EP-17-CV-00011-DCG |
| | § | |
| OSCAR LEESER *et al.*, | § § | |
| *Defendants.* | § | |

## MEMORANDUM ORDER

On this day, the Court *sua sponte* considered the above-captioned matter. The action was filed with the Court on January 12, 2017. On March 7, 2017, Plaintiff Ignacio Mora ("Plaintiff") filed a "Motion for the Appointment of Counsel" (ECF No. 3), which the Court denied on April 4, 2017. Order Denying Mot. Appointment Counsel, ECF No. 6. On July 24, 2017, the Court issued an "Order to Show Cause" (ECF No. 7) why Plaintiff had still not served the defendants. Plaintiff, however, did not respond to that order by the deadline provided therein. On August 10, 2017, the Court issued a "Second Order to Show Cause" (ECF No. 10) ordering Plaintiff to show cause by August 24, 2017 why it "should not dismiss this case with prejudice for failure to serve the defendants with process and failure to prosecute." Second Order Show Cause at 2, ECF No. 10. The Court warned Plaintiff that if his case is dismissed, it would operate as a dismissal with prejudice because his claims would be barred by the applicable statute of limitations upon refiling. *Id.* at 1 ("If the Court were to dismiss Plaintiff's claims, that dismissal must be treated as one with prejudice because his claims would be barred by the applicable statute of limitations upon refiling. Here, the claims asserted by Plaintiff are based on events that took place on January 15, 2015, and serve as the basis for claims pursuant to 42 U.S.C. § 1983. Claims pursuant to § 1983 are governed by the forum state's general personal injury statute of

limitations. In Texas, that period is two years." (internal citations omitted)). The August 24, 2017 deadline to respond to that order too lapsed, but Plaintiff still has not filed a response thereto or filed any proof of service.

Federal Rule of Civil Procedure 4 applies to the issuance of summons and service of process. Rule 4(m) provides:

> If a defendant is not served *within 90 days* after the complaint is filed, the court-- on motion or *on its own after notice to the plaintiff*--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (emphasis added). "If proper service is not made within [90] days of filing the complaint, the action is subject to *sua sponte* dismissal, without prejudice, by the district court after notice to the plaintiff." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (emphasis in original). In addition, if "the applicable statute of limitations likely bars future litigation," the court must apply "the same heightened standard" that is applicable to a motion involving "a dismissal with prejudice." *Lozano v. Bosdet*, 693 F.3d 485, 489 (5th Cir. 2012) (quoting *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008)). A court should dismiss a complaint with prejudice "when a clear record of delay exists and lesser sanctions are deemed ineffective." *Porter v. Beaumont Enter. & Journal*, 743 F.2d 269, 272 (5th Cir. 1984) (*per curiam*).

The Fifth Circuit has directed district courts to consider aggravating factors before entering an order of dismissal with prejudice. These factors include: "(1) delay attributable directly to the plaintiff, rather than his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional conduct . . . ." *Lozano*, 693 F.3d at 490. Additionally, the Fifth Circuit requires a heightened standard of "delay . . . characterized by significant periods of total

inactivity" when the dismissal will be with prejudice. *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013) ("To warrant dismissal, we must find a delay 'longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity.'" (quoting *Millan*, 546 F.3d at 326)).

Here, Plaintiff is representing himself. Accordingly, any delay must necessarily be directly attributable to him because he has no attorney. To date, the record provides no indication that Plaintiff has served the defendants despite the Complaint being filed nearly eight months ago. It has been nearly five months since Plaintiff's 90-day deadline to effectuate service passed. Moreover, in its two Orders to Show Cause, the Court cautioned Plaintiff that his case could be dismissed for failure to serve the defendants or failure to prosecute. Yet, Plaintiff failed to respond to those Orders—much less effectuate service on the defendants.

The Court is faced with a situation similar to the one in *Thrasher*. There, the Fifth Circuit deemed dismissal with prejudice as warranted when the plaintiff went ten months without properly serving the defendants and six months with no activity whatsoever. *Thrasher*, 709 F.3d at 510, 514. Indeed, the facts here are even more egregious than in *Thrasher*. The plaintiff in *Thrasher* at least attempted to serve the defendants within the first six months, but he failed to effectuate proper service. *Thrasher*, 709 F.3d at 510. Here, Plaintiff has had nearly eight months to serve the defendants, yet there has been total inactivity on Plaintiff's part for the past six months.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff Ignacio Mora's civil cause, **EP-17-CV-00011-DCG**, for failure to timely effect service of process.

**IT IS THEREFORE ORDERED** that any and all claims against Defendants Oscar Leeser et al. are **HEREBY DISMISSED WITHOUT PREJUDICE.**

IT IS FURTHER ORDERED that any and all pending motions are **DENIED AS MOOT**.

IT IS FINALLY ORDERED that the Clerk of the Court **SHALL CLOSE** this case.

So ORDERED and SIGNED this 11th day of September 2017.

DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE